IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MICHAEL ROSS THOMAS | § | |
| VS. | § | CIVIL ACTION NO. 1:20-CV-198 |
| WARDEN, USP BEAUMONT | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Michael Ross Thomas, a prisoner confined at the Federal Correctional Complex in Beaumont, Texas, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the calculation of a federal sentence.

The petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Procedural History

Petitioner is serving three federal sentences, which were ordered to run concurrently. Following his arrest by the Drug Enforcement Administration in Bakersfield, California, on March, 3, 2011, Petitioner was indicted on federal controlled substance and firearm offenses in the United States District Court for the Eastern District of California. Petitioner entered guilty pleas in both cases. On May 21, 2012, Petitioner was sentenced to 146 months of imprisonment in cause numbers 1:11-CR-112 and 1:12-CR-20, with the sentences ordered to run concurrently. Those sentences were later reduced from 146 months to 120 months of imprisonment.

On January 25, 2012, while the federal criminal proceedings in California were still pending, Petitioner was indicted on controlled substance and money laundering offenses in the Western

District of Missouri in cause number 6:12-CR-3009. On April 23, 2015, Petitioner was sentenced to 120 months of imprisonment. The next day, an Amended Judgment was entered, clarifying that the sentence was ordered to run concurrently with the sentences previously imposed in the Eastern District of California.

## The Petition

Petitioner contends that he is entitled to credit toward the sentence imposed in the Eastern District of Missouri in cause number 6:12-CR-3009 from January 25, 2012, the date the detainer was lodged against him, through April 23, 2015, the date of his sentencing.

## Analysis

A federal sentence begins to run "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a); *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003). A federal sentence cannot commence prior to the date it is imposed, even if it is ordered to run concurrently with a previously-imposed sentence. *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980). After the sentence is imposed, the Attorney General, through the Bureau of Prisons, determines what credit should be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences. *United States v. Wilson*, 503 U.S. 329, 333-34 (1992); *Leal*, 341 F.3d at 428. When, as in this case, a petitioner has more than one federal sentence, the Bureau of Prisons must aggregate the sentences as required by 18 U.S.C. §3584(c); *Williams v. Young*, 311 F. App'x 698, 699 (5th Cir. 2009).

Respondent submitted the Declaration of Robin Teters, Management Analyst at the Designation and Sentence Computation Center for the Federal Bureau of Prisons, to explain the

aggregation process and its application to Petitioner's sentence calculation. "To aggregate concurrent sentences imposed on different days, the Bureau commences the aggregate sentence based on the first, or the 'anchor' sentence. Since the other sentences cannot commence before they are imposed, the Bureau calculates the time between the two full term dates of each sentence, which determines the 'overlap.'" (Exhibit A to Government's Response at 5.) In Petitioner's case, the Bureau of Prisons calculated the aggregate sentence as follows:

> [E]ach of Petitioner's federal sentences commenced on the dates they were imposed. Although these terms are running concurrently, Petitioner's third term has a different date of imposition. Accordingly, the sentence in his third term, Case No. 12-3009-04-CR-S-MDH, cannot begin prior to the imposition of that sentence and has a full term date which is longer than the first two sentences, causing the "overlap." Therefore, Petitioner's sentence reflects an overlap of 2 years, 11 months, and 2 days, which was added to the term in effect to form a single aggregate term of 12 years, 11 months, and 2 days.
>
> This aggregated term commenced on the earliest possible date of May 21, 2012, the date Petitioner's first two sentences were imposed. His third term of 120 months began on April 23, 2015, the date it was imposed, and is running concurrently with the remainder of his amended 120 month term in Case Nos. 1:11CR00112-002 LJO and 1:12CR00020-001 LJO, as ordered by the Court. Petitioner is not serving a sentence longer than what the court imposed based on this calculation.

(Exhibit A at 5.)

Petitioner claims that the sentences imposed by the Eastern District of California are no longer the anchor sentences because his re-sentencing took place after he was sentenced in the Eastern District of Missouri. As such, Petitioner argues he is entitled to pre-sentence credit for each of his federal sentences. This claim lacks merit. Title 18 U.S.C. § 3585(b) is clear that prior custody credit is only awarded if the time has not been credited toward another sentence. Petitioner is not entitled to pre-sentence credit toward each of his federal convictions. *Williams*, 311 F. App'x at 699

3

Because the Bureau of Prisons correctly calculated his sentence, Petitioner is not entitled to habeas relief.

### Recommendation

The petition for writ of habeas corpus should be denied.

### Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 16th day of June, 2023.

_____
Zack Hawthorn
United States Magistrate Judge